# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL MEANS EQUAL; HEROICA FOUNDATION; JACQUELINE FENORE, individually and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; CRAIG BROWN, in his official capacity as acting director of the SELECTIVE SERVICE SYSTEM; SELECTIVE SERVICE SYSTEM<br><br>Defendants. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Civil Action No. 25-cv- |

WENDY MURPHY
Women's and Children's Advocacy Project
New England Law | Boston
154 Stuart Street
Boston, MA 02116
617-422-7410
MA BBO#550455
Wmurphy@nesl.edu

INTRODUCTION

1. This is a facial and as-applied challenge to the constitutionality of the Military Selective Service Act (MSSA), 50 U.S.C., § 3801 et seq., which requires "every male citizen" to register for the draft. Plaintiff Jacqueline Fenore is female. Her Selective Service application was rejected because she is female. Plaintiff Equal Means Equal (EME) is an organization that represents women, and advocates for women's equality. Two of EME's female members attempted to submit applications to register for Selective Service. Their applications were rejected because they are female. Plaintiffs seek declaratory and injunctive relief.

PARTIES

2. Plaintiff Jacqueline Fenore is a female whose age is between 18-25. She is a resident of Massachusetts.

3. Plaintiff EME is a project of Plaintiff Heroica Foundation, a national 501(c)(3) organization. EME's sole mission is to establish women's equality under the United States Constitution. EME has been a national leader in the fight for women's equality for many years.

4. Defendant Selective Service System is an independent agency within the Executive Branch of the Federal Government. The Selective Service System collects and maintains information on individuals who register for the draft.

5. Defendant Craig T. Brown is Acting Director of the Selective Service

System.

6. Defendant Donald J. Trump is President of the United States, Commander of Chief of the United States Military, and head of the executive branch.

## JURISDICTION

7. Plaintiffs bring this action under the Twenty-Eighth Amendment to the United States Constitution, (hereafter the ERA), and the Equal Protection guarantee of the Fifth Amendment. The ERA states, "Equality of rights shall not be denied or abridged by the United States or by any state on account of sex." The Due Process Clause of the Fifth Amendment forbids the federal government to deny equal protection of the laws. *Bolling v. Sharpe*, 347 U.S. 497 (1954); *David v. Passman*, 442 U.S. 228, 234 (1979).

8. This court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

## VENUE

9. Venue is proper because Plaintiff Jacqueline Fenore resides in this District and events giving rise to this action occurred in this District.

## FACTS

10. The United States has not had a draft since 1973, but it does currently have a Selective Service System that requires males aged 18-25 to register for the draft. Females of any age are forbidden to register.

11. On March 28, 2025, Plaintiff Jacqueline Fenore attempted to register for

Selective Service by submitting her name and other required information through the MSSA website. https://www.sss.gov/register/. The first question in the form asks the applicant to check a box indicating whether they are male or female. This same section contains the phrase: "Current law does not permit females to register." Ms. Fenore checked the box for female and submitted her application. Her registration was rejected solely because she is female. She is otherwise qualified to register for Selective Service.

12. Two female members of EME whose ages are between 18 and 25 attempted to register for Selective Service in March 2025, but their applications were rejected solely because they are female. They are otherwise qualified to register for Selective Service.

13. Although the Supreme Court has previously ruled that it is not unconstitutional under the Fifth Amendment to deny women the opportunity to register for Selective Service, *Rostker v. Goldberg*, 453 U.S. 57 (1981), *Rostker* was decided nearly forty years before the ERA was ratified in 2020.

14. Regardless of the ERA, *Rostker* is no longer good law because it was decided under a judicial review standard of intermediate scrutiny. Intermediate scrutiny cannot be sustained under the ERA or the Fifth Amendment's Equal Protection guarantee because it subjects females to unequal protection of the laws

while other people enjoy the more protective fully equal judicial review standard of strict scrutiny.

15.     *Rostker* was decided at a time when women were forbidden to engage in combat. Women today engage in combat in all military branches. News Release, *Pentagon Says Women Can Now Serve in Front-Line Ground Combat Positions*, NPR (Dec. 3, 2015). The National Commission on Military, National, and Public Service recently asserted its view that women should be allowed to register for Selective Service. Report, *The Final Report of the National Commission on Military, National, and Public Service,* (Mar. 25, 2020).

16.     Plaintiffs and all women are harmed because Defendants intentionally exclude women from Selective Service.

17.     Plaintiffs and all women have suffered stigmatic injury by the public perception that they are unworthy of registering for Selective Service.

18.     A case similar to this one was recently filed in the Northern District of California. *Valame v. Biden*, Docket No. 5:2023cv03018. Vickram Valame, a male, asserted only one claim -- that MSSA discriminates against him and violates his rights under the ERA because women are not required to register for Selective Service. His complaint was dismissed by the District Court, and his appeal is now pending before the Ninth Circuit. *Valame v. Biden*, 24-369. His case will likely be decided by the United States Supreme Court where two questions will be

addressed: First, whether the ERA is valid, and second, whether women may/must register for Selective Service.

19.     Mr. Valame's case is not the proper vehicle by which the Supreme Court should decide such important constitutional questions about women's rights. Only a lawsuit filed by women on behalf of women can adequately represent the interests at stake for women. While men may have standing to complain about women not being allowed to register for Selective Service, it is women who have *constitutionally* been denied the opportunity to register, thus women should have priority voice in any legal battle that seeks to determine *their* constitutional rights.

20.     In addition to Mr. Valame's case, two other Supreme Court cases threaten women's rights. The first was decided in 2020 and held that transgender people fall under the legal definition of "sex" as that term is used in Title VII of the Civil Rights Act of 1964. *Bostock v. Clayton County*, 590 U.S. 644 (2020). Plaintiff EME submitted an amicus brief in support of transgender people in *Bostock*, urging the court to protect all people equally against discrimination.

21.     A second case was filed soon after *Bostock* and is currently pending before the Supreme Court. *U.S. v. Skrmetti*, Docket No. 23-477. *Skrmetti* urges the Court to extend *Bostock* by granting transgender people Fourteenth Amendment Equal Protection rights under the definition of "sex." A ruling is expected in June 2025. Women support Equal Protection rights for all people, but lawyers for transgender

people in *Skrmetti* asked the Supreme Court to adopt only intermediate scrutiny and to do so under the legal definition of "sex." This threatens to reaffirm and legitimize intermediate scrutiny for women at a time when women are adamantly opposed to intermediate scrutiny and *have been fighting against intermediate scrutiny* for decades.

22.     *Bostock*, *Skrmetti* and *Valame* involve the most fundamental of human rights for women - legal equality - yet women had/have no formal party status in those cases. Plaintiffs here seek to assert a meaningful voice for women at this critical time of judicial decision-making regarding women's status under the United States Constitution.

23.     While men and transgender people have a right to their opinion about what the judicial review standard ought to be for "sex", women alone should speak for women's rights, and they do not want intermediate scrutiny because it enables the government to deny them equal protection of the laws. For example, women are excluded from protection under the Massachusetts hate crime statute, G.L. c. 265, § 39. Women want and deserve *equal* protection of all laws, including especially laws against violence and abuse, which is only possible under strict scrutiny. Women do not want men or transgender people speaking for them when the Supreme Court decides whether women are *worthy* of *equal* protection of the laws under strict scrutiny.

24. Unequal protection of the laws for women became constitutionally explicit in 1868 when the Fourteenth Amendment was adopted because it used the word "male" to exclude women from voting rights and Equal Protection rights. Women responded by fighting to fix the Fourteenth Amendment, first by establishing their own voting rights in 1920, and then in 1923, by launching a still unsettled fight for the ERA and Equal Protection rights.

25. Women have made some progress since 1868, but they remain second-class citizens today because the Equal Protection guarantees of the Fifth and Fourteenth Amendments are enforced under the meager protections of intermediate scrutiny, which permits unequal treatment of women under all laws and by all government officials in all branches, state and federal, at all times. As Justice Antonin Scalia rightly put it in 2010, the Constitution does not require discrimination against women, "the only issue is whether it prohibits it. It doesn't." Condon, S., Scalia: *Constitution Doesn't Protect Women or Gays From Discrimination*, CBSNews.com, January 4, 2011, https://www.cbsnews.com/news/scalia-constitution-doesnt-protect-women-or-gays-from-discrimination/.

26. This lawsuit asks the court to end women's constitutional inequality once and for all by adopting strict scrutiny under the ERA and the Fifth Amendment.

CLAIMS FOR RELIEF

I.   TWENTY-EIGHTH AMENDMENT (ERA)

27. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

28. An amendment duly proposed by Congress becomes part of the Constitution when three-fourths (38) of the states ratify it. U.S. Const. art. V. The ERA was duly proposed by Congress in 1972. Virginia became the thirty-eighth state to ratify it on January 27, 2020.

29. While there is some disagreement about the ERA's validity because its ratification deadline expired before the last state ratified, many government officials and constitutional scholars believe the ERA is valid because the deadline is unconstitutional.[1]

30. The ERA guarantees Plaintiffs and all women equality of rights and

---

[1] See e.g., H.J. Res.25, January 31, 2023 (dozens of congresspeople submit "Joint Resolution" declaring the ERA "valid"); President Biden declared the ERA valid in January 2025, https://8fdaf192-a63f-4cc1-ba4830c5727fb699.usrfiles.com/ugd/8fdaf1_25791c80811242ed998b71-5c28a6a2e8.pdf; American Bar Association declared the ERA valid in 2024, https://www.americanbar.org/content/dam/aba/administrative/news/2024/am-res/601.pdf; Senator Kirsten Gillebrand declared the ERA valid in 2025, https://www.gillibrand.senate.gov/news/press/release/gillibrand-statement-on-president-biden-declaring-the-era-as-the-law-of-the-land/; Law professors Lawrence Tribe and Kathleen Sullivan declared the ERA valid in 2025, https://contrarian.substack.com/p/the-equal-rights-amendment-at-long?utm_medium=ios.

forbids discrimination "on account of sex."

31. Defendants have denied Plaintiffs equality of rights by prohibiting Plaintiffs from registering for Selective Service.

32. Prohibiting Plaintiffs from registering for Selective Service serves no compelling government interest, is not narrowly tailored to serve any compelling government interest and is not the least restrictive means of achieving any compelling government interest.

33. The categorical exclusion of women from Selective Service registration serves no compelling government interest, is not narrowly tailored to serve any compelling government interest and is not the least restrictive means of achieving any compelling government interest.

34. Therefore, Plaintiffs and all women have been injured and will continue to suffer injury.

## II. FIFTH AMENDMENT EQUAL PROTECTION

35. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

36. The Fifth Amendment guarantees Equal Protection of the laws.

37. Plaintiffs and all women have been denied Equal Protection of the laws.

38. Prohibiting Plaintiffs from registering for Selective Service serves no

compelling government interest, is not narrowly tailored to serve any compelling government interest and is not the least restrictive means of achieving any compelling government interest.

39. The categorical exclusion of women from Selective Service registration serves no compelling government interest, is not narrowly tailored to serve any compelling government interest and is not the least restrictive means of achieving any compelling government interest.

40. Therefore, Plaintiffs and all women have been injured and will continue to suffer injury.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this court grant declaratory and injunctive relief, including the following:

A. Issue a declaratory judgment that the categorical exclusion of women from Selective Service registration is unconstitutional under the ERA;

B. Issue a declaratory judgment that prohibiting Plaintiffs from registering for Selective Service is unconstitutional under the ERA;

C. Issue a declaratory judgment that the categorical exclusion of women from Selective Service registration is unconstitutional under the Fifth Amendment;

D. Issue a declaratory judgment that prohibiting Plaintiffs from registering for Selective Service registration is unconstitutional under the Fifth Amendment;

11

E. Issue an injunction prohibiting the exclusion of Plaintiffs from Selective Service registration;

F. Issue an injunction prohibiting the exclusion of women from Selective Service registration;

G. Award Plaintiffs reasonable attorney's fees;

H. Grant any and all other relief deemed just and proper.

A jury trial is requested on all claims so triable.

Respectfully submitted,

WENDY MURPHY
*/s/ Wendy J. Murphy*

Women's and Children's
　　Advocacy Project
New England Law | Boston
154 Stuart Street
Boston, MA 02116
617-422-7410
wmurphy@nesl.edu

April 3, 2025

13