**Exhibit 2**

PALAIS DES NATIONS • 1211 GENEVA 10, SWITZERLAND

**Mandate of the Special Rapporteur on violence against women and girls, its causes and consequences**

Ref.: OL USA 29/2024
(Please use this reference in your reply)

13 December 2024

Excellency,

I have the honour to address you in my capacity as Special Rapporteur on violence against women and girls, its causes and consequences, pursuant to Human Rights Council resolution 50/7.

In this connection, I would like to bring to the attention of your Excellency's government, a number of concerns regarding information I received and observations I have regarding the **lack of publication and incorporation of the Equal Rights Amendment (the ERA) into the United States Constitution as the 28th Amendment, which would significantly advance sex and gender equality for women in the United States of America.**

As of today, the US Constitution, the most authoritative legal instrument of the State, does not explicitly prohibit discrimination on the basis of sex. This is in stark contrast to the vast majority of countries, 85% of UN Member States, which have constitutions that prohibit discrimination on the basis of sex and/or gender.

Procedurally, the ERA is ready to be certified and published by the Archivist of the United States as the 28th Amendment to the US Constitution. The required number of states for constitutional amendment, 38 out of 50, have ratified the ERA; ratification was reached in 2020 and the timeline for ratification foreseen for the ERA, which is not included in the text of the amendment itself, is a non-issue. As the Office of the Legal Counsel at the Department of Justice observed in 1992 in considering the last amendment to the Constitution, the 27th Amendment which took over 200 years to ratify, "the plain language of Article V [of the Constitution] contains no time limit on the ratification process." However, under the previous United States presidential administration, the Office of the Legal Counsel erroneously opined against publication of the ERA in 2020 because it took longer than Congress had hoped for, even though it took significantly less than 200 years to ratify.

This was followed by an Office of the Legal Counsel Opinion in 2022 merely stating that the 2020 Opinion did not preclude Congress from acting to affirm the ERA - it did not address the current Administration's ability to act, by directing the Archivist of the United States to certify the ERA, and thereby fulfill its duty under international law to guarantee constitutional equality. Likewise, any attempts by US states to "rescind" their ratifications of constitutional amendments have never been considered valid as Article V of the Constitution makes no mention of them.

After a constitutional amendment has been ratified by three-fourths of US states, 1 U.S.C. § 106b instructs the Archivist to publish and certify the amendment "as a part of the Constitution of the United States." However, though in receipt of ratifications of the Equal Rights Amendment from 38 states, i.e., the "official notice,"

the Archivist has to date not yet published and certified the ERA. Although the D.C. Circuit Court of Appeals decision in *Illinois v. Ferriero,* 60 F. 4th 704 (D.C. Cir. 2023) denied a mandamus action to compel the Archivist to do its ministerial duty, it does not prevent the Archivist from going forward and publishing the ERA.

The Equal Protection and Due Process clauses of the 5th and 14th Amendments to the US Constitution are inconsistent with international human rights obligations and standards. The United States' current constitutional jurisprudence leaves any protections against sex discrimination extremely vulnerable, as was made evident by the *Dobbs* decision in 2022. In addition, in 2000, the Supreme Court of the United States struck down the provision of the Violence Against Women Act (VAWA) that gave victims a civil rights remedy for gender-based violence in federal court, holding that Congress did not have the authority under the equal protection clause to include such a remedy in the legislation.[1]

Likewise, the Supreme Court of the United States ruled out protection under the 14th Amendment in another gender-based violence case, *Castle Rock v. Gonzales* (holding that a domestic abuse survivor had no constitutional right under the due process clause to police enforcement of a restraining order). As a result, the United States domestic legal system still does not provide for any constitutional or federal-level statutory remedy for sex and gender-based violence.

Your Excellency's Government has endorsed the ERA both in a recent proclamation and in the National Strategy on Gender Equity and Equality. Although there are bills in Congress also affirming the validity of the ERA, a reinforcing but not required step in the process, it would be imperative to certify and publish the ERA in order for women and girls to benefit from its full impact in equality with men and boys in full compliance with the United States obligations under international law.

The International Covenant on Civil and Political Rights (ICCPR) requires State Parties, including the United States, which ratified the Covenant in 1992, to guarantee equal enjoyment of all civil and political rights, and to prevent sex discrimination and gender-based violence to ensure equal enjoyment of those rights, under article 2 (non-discrimination), article 3 (equality between men and women) and article 26 (equality before the law and equal protection of the law). Additionally, the Human Rights Committee's general comment No. 28 explains that State Parties are required to "take all steps necessary, including the prohibition of discrimination on the ground of sex, to put an end to discriminatory actions." Therefore, the United States of America is required to adopt a constitutional sex equality amendment. I also note that in its 2023 Concluding Observations on the US' Fifth Periodic Report and dialogue with the US Government, the Human Rights Committee called upon your Excellency's Government to **"guarantee protections against sex- and gender-based discrimination in its Constitution, including through initiatives such as the Equal Rights Amendment"**.

According to article 2 of the Universal Declaration on Human Rights, everyone is entitled to all the rights and freedoms set forth in the Declaration, without distinction of any kind, including on the basis of sex.

---

[1] United States v. Morrison, 579 U.S. 598 (2000). See also, Ms. Magazine, Victoria V. Nourse, *A Devastating Supreme Court Decision on Sexual Assault Shows Why the U.S. Needs the ERA Now,* 10 November, 2021.

Furthermore, the Declaration on the Elimination of Violence against Women (DEVAW), adopted by the United Nations General Assembly in 1993, defines violence against women as "Any act of gender-based violence that results in, or is likely to result in, physical, sexual, or psychological harm or suffering to women, including threats of such acts, coercion, or arbitrary deprivation of liberty, whether occurring in public or private life". The declaration further recognizes that violence against women is a manifestation of historically unequal power relations between men and women and is closely tied to discrimination based on sex. In its article 4 (j), it calls on all States to "adopt all appropriate measures, especially in the field of education, to modify the social and cultural patterns of conduct of men and women and to eliminate prejudices, customary practices and all other practices based on the idea of the inferiority or superiority of either of the sexes and on stereotyped roles for men and women".

Moreover, in 1995, the United States joined 188 other countries in adopting the Beijing Declaration and Platform for Action (BPfA), a United Nations resolution that specifically calls on countries to "[p]rovide constitutional guarantees and/or enact appropriate legislation to prohibit discrimination on the basis of sex for all women and girls." Finally, Goal 5 (Achieve gender equality and empower all women and girls) of the 2030 Agenda for Sustainable Development, urges States to "End all forms of discrimination against all women and girls everywhere," including as indicated by "Whether or not legal frameworks are in place to promote, enforce and monitor equality and non-discrimination on the basis of sex." (SDG 5.1.1).

In addition to the clear expression in the ICCPR, DEVAW, BfPA and SDGs of a global commitment to and requirement to uphold sex equality in national constitutions, a broad array of other sources of international law, including agreements, customary international law, and decisions of international tribunals, evince a global recognition of sex equality as a fundamental human right. International agreements include, inter alia, the Universal Declaration of Human Rights, which was adopted unanimously by all UN members, including the United States, in 1948 and provides that "[e]veryone is entitled to all the rights and freedoms set forth in this Declaration, without distinction of any kind such as . . . sex." The American Convention on Human Rights, a regional treaty signed by the US in 1977, which requires State Parties to "undertake to . . . ensure to all persons subject to their jurisdiction the free and full exercise of those rights and freedoms, without any discrimination for reasons of . . . sex."

Taking into consideration the above-mentioned international human rights law and standards, I urge your Excellency's Government to direct the Federal Archivist to publish the Equal Rights Amendment to the Constitution immediately.

As it is my responsibility, under the mandate provided to me by the Human Rights Council, to seek to clarify all cases brought to my attention, I would be grateful for your observations on the following matters:

1. Please provide any additional information and/or comment(s) you may have on the current status of the Equal Rights Amendment (ERA).

2. Please clarify what obstacles have prevented the Archivist of the United States to publish the Equal Rights Amendment as the 28th Amendment to the United States Constitution.

3. Please provide information on any measures that your Administration has taken or intends to take to ensure that the Constitution complies with international human rights law, particularly the international legal obligation to ensure equality between men and women and which bars discrimination based on sex.

This communication, as a comment on pending or recently adopted legislation, regulations or policies, and any response received from your Excellency's Government will be made public via the communications reporting [website](website) after 48 hours. They will also subsequently be made available in the usual report to be presented to the Human Rights Council.

Please accept, Excellency, the assurances of my highest consideration.

Reem Alsalem
Special Rapporteur on violence against women and girls, its causes and consequences